68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dilip P. SHAH, Defendant-Appellant.
 No. 94-5788.
 United States Court of Appeals, Fourth Circuit.
 Oct. 23, 1995.
 
 ARGUED: Cyril Vincent Smith, ZUCKERMAN, SPAEDER, GOLDSTEIN, TAYLOR & BETTER, Baltimore, Maryland, for Appellant. ON BRIEF: Steven M. Salky, ZUCKERMAN, SPAEDER, GOLDSTEIN, TAYLOR & KOLKER, Washington, D.C., for Appellant.
 Maury S. Epner, Assistant United States Attorney, Greenbelt, Maryland, for Appellee. ON BRIEF: Lynne A. Battaglia, United States Attorney, Greenbelt, Maryland, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dilip P. Shah was convicted of aiding and abetting the making of a false statement to the United States Food and Drug Administration (FDA). See 18 U.S.C.A. Sec. 2 (West 1969); 18 U.S.C.A. Sec. 1001 (West Supp.1995). He appeals his conviction and sentence, alleging several trial and sentencing errors. In particular, he argues that the district court incorrectly applied an economic loss enhancement in calculating his offense level. See United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1 (Jan.1988). We affirm Shah's conviction, but because we agree that the district court incorrectly applied Sec. 2F1.1, we vacate his sentence and remand.
 
 I.
 
 2
 Viewing the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), the record demonstrates that Shah, Dulal Chatterji, and others founded Quad Pharmaceutical Company, Inc. (Quad), a pharmaceutical manufacturing company. One of the products that Quad developed and tested was the antibiotic vancomycin. In order to obtain approval to market this drug, Quad submitted to the FDA an abbreviated new drug application under a cover letter signed by Shah. The evidence demonstrates that Shah caused false statements to be made in this and other submissions to the FDA.[1]
 
 II.
 
 3
 Shah contends that the evidence was insufficient to support his conviction. A review of the trial record demonstrates that this argument is without merit. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (In reviewing the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the Government to determine whether "any rational trier of facts could have found the defendant guilty beyond a reasonable doubt.").
 
 
 4
 Shah also maintains that a prior plea agreement bars this prosecution. In 1989, Shah entered a guilty plea to an unrelated charge of paying an unlawful gratuity to an FDA official. See 18 U.S.C.A. Sec. 201(c)(1)(A) (West Supp.1995). The plea agreement provided that Shah would not be prosecuted for "any other violations of federal criminal law prior to the date of this agreement as to which this Office is presently aware." The district court specifically found that Shah presented "nothing" to indicate that when the agreement was executed the United States Attorney's Office knew of the false statements. This finding by the district court is not clearly erroneous. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948) (holding that factual findings of a district court shall not be set aside unless clearly erroneous).
 
 
 5
 Finally, Shah asserts that the Government violated its obligation under the Jencks Act, 18 U.S.C.A. Sec. 3500 (West 1985), by failing to disclose copies of interview reports that federal agents made in preparation for trial. Prior to trial, the Government produced to defense counsel all statements made by its witnesses. The Government, however, did not produce summaries of pretrial witness interviews prepared by FDA investigators. After an in camera inspection and voir dire of each witness, the district court found that the witnesses had neither been shown the interview summaries nor asked to verify their accuracy. The district court therefore correctly denied Shah's motion to produce the summaries. See United States v. Smith, 31 F.3d 1294, 1303 (4th Cir.1994), cert. denied, 115 S.Ct. 1170 (1995).
 
 III.
 
 6
 The district court determined that Shah's base offense level was six. See U.S.S.G. Sec. 2F1.1(a). It then enhanced the base offense level by two levels for more than minimal planning, see U.S.S.G. Sec. 2F1.1(b)(2), and another ten levels because the fraud produced a loss in excess of two million dollars, see U.S.S.G. Sec. 2F1.1(b)(1).[2] The district court also increased Shah's offense level by four levels due to his aggravating role in the offense. See U.S.S.G. Sec. 3B1.1(a).[3]
 
 
 7
 Shah asserts that the district court erred by applying Sec. 3B1.1(a). This section mandates a four-level enhancement when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The finding by the district court that Shah, as president of Quad, was an "organizer or leader of, specifically, the vancomycin activity" and "that five or more people were involved" is not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Consequently, our review of the record demonstrates that the district court properly applied this enhancement.
 
 
 8
 Finally, Shah objects to the ten-level economic loss enhancement imposed by the district court pursuant to U.S.S.G. Sec. 2F1.1(b)(1)(K), contending that it incorrectly used economic gain to Quad as the measure of loss. After Shah was sentenced, we addressed this identical issue in an appeal involving his codefendant, Dulal Chatterji. We held that the Government had failed to offer proof of any actual, probable, or intended loss and that the monetary gain to Quad could not provide an alternative measure of loss since the drugs received FDA approval, posed no threat to consumer health or safety, and met all FDA goals for safety and efficiency. United States v. Chatterji, 46 F.3d 1336, 1340-42 (4th Cir.1995). The Government concedes that Chatterji controls this issue and that Shah's sentence must be vacated and the matter remanded.
 
 
 9
 Consequently, we vacate Shah's sentence and remand for resentencing. As to all other issues, we affirm.
 
 
 10
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART
 
 
 
 [1]
 For a more detailed recitation of the facts, see United States v. Chatterji, 46 F.3d 1336, 1338-40 (4th Cir.1995)
 
 
 [2]
 Apparently, because the district court applied the ten-level enhancement, it did not consider whether an upward departure was appropriate
 
 
 [3]
 The district court sentenced Shah in September 1994. But, because the economic loss enhancement had increased subsequent to April 1988 when he committed the offense, the district court used the guidelines in effect at that time